IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K. KABASHA GRIFFIN-EL | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 07-CV-4995 |
| DAVID DIGUGLIELMO, et al. | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 17th day of June, 2008, after review of Magistrate Judge Elizabeth T. Hey's Report and Recommendation (R&R) and petitioner's objections thereto, the Court will adopt the R&R, dismiss the civil rights claims contained in the petition, and transfer the remaining substantive claims to the Western District of Pennsylvania.

Accordingly, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The claims relating to the denial of access to the courts (contained in ¶¶ 12B and 12C of the habeas petition) are DISMISSED[1] without prejudice to be pursued in petitioner's civil rights action now pending in the Eastern District of Pennsylvania (*Griffen-El v. Beard*, No. 06-2719);

---

[1] The claims in paragraphs 12B and 12C of petitioner's habeas corpus petition deal with governmental interference and denial of access to the courts due to Correction Officers' alleged seizure of legal papers. (Hab. Pet. ¶¶ 12B and 12C, incorporating ¶ 11(d)). As stated in Magistrate Judge Hey's Report and Recommendation (R&R), these claims are properly raised and remedied in a civil rights action brought pursuant to 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (claim challenging conditions of confinement is a § 1983 claim); Mpala v. Smith, No. 06-841, 2006 WL 1455733, *3 (M.D. Pa. May 25, 2006) (denial of access to courts is a § 1983 claim challenging conditions of confinement, not a habeas claim challenging the fact or duration of confinement), aff'd, 241 Fed. Appx. 3, 4-5 (July 17, 2007).

Further, Paragraph 12 of petitioner's Objections to the R&R contends the state trial court's denial of his Sixth Amendment right to counsel of choice is tantamount to a claim of governmental interference, and thus relevant to his petition for habeas corpus. (Pet. Obj. ¶ 12). Petitioner, however, also seeks relief for denial of his right to counsel of his choice in paragraph 12A of his petition. (Hab. Pet. ¶ 12A). Thus, by the terms of his own objection, the government interference claim in Paragraph 12A is substantially similar to the right to counsel claim in Paragraph 12B. As explained in Note 2, *infra*, these claims are more appropriately adjudicated in the Western District of Pennsylvania.

3. In the interest of justice and judicial economy, the Clerk of Court is directed to TRANSFER[2] the petition for habeas corpus to the United States District Court for the Western District of Pennsylvania; and

4. There is no basis for the issuance of a certificate of appealability.

5. This case is closed for statistical purposes.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.

---

[2] Petitioner admits the existence of concurrent jurisdiction, but objects to the R&R's recommendation of transfer to the Western District of Pennsylvania. (Pet. Obj. ¶¶ 4-5); see 28 U.S.C. § 2241(d). However, he provides no reason for why it should not be transferred. This Court agrees with the R&R that transfer to the Western District of Pennsylvania best serves interests of justice because all records of petitioner's conviction reside in that district and the District Attorney of Allegheny would be in the best position to respond to the petitioner's claims. See Pagan v. Brooks, No. 07-28, 2007 WL 3287334, *2 (W.D. Pa. Nov. 6, 2007) (transferring case from Western to Eastern District, noting that all records of conviction are in Eastern District).

Magistrate Judge Hey's failure to consider the grounds for relief presented in petitioner's Pennsylvania Criminal Relief Act petition as part of his habeas petition does not affect the Court's decision. (See Pet. Obj., at ¶¶ 10-11). Although petitioner did not enumerate these claims in the habeas petition, he claims it was his good faith intention that each be considered as grounds for relief. Accordingly, they have been so considered and the Court concludes that the Western District of Pennsylvania is the appropriate forum in which to seek redress on these grounds as they challenge his underlying conviction obtained in the Court of Common Pleas of Allegheny County.